UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PANAJOTI CONSULTING, LLC,

      Plaintiff,

                            Case No. 22-10487

    v.

                            Hon. George Caram Steeh

BUYHIVE USA, INC.,

      Defendant.

_____/

OPINION AND ORDER GRANTING
<u>MOTION TO COMPEL ARBITRATION (ECF NO. 11)</u>

      Plaintiff Panajoti Consulting, LLC, filed this breach of contract action

against Defendant BuyHive USA, Inc. ("BuyHive USA"). Defendant seeks

to compel Plaintiff to submit the dispute to arbitration. Because the question

of arbitrability is for the arbitrator in this case, the court will grant

Defendant's motion.

I.    <u>Background Facts</u>

      In January 2022, Plaintiff contracted with Defendant to purchase

COVID test kits and paid $793,800 in advance. When Defendant was

unable to supply the kits, Plaintiff sought a refund. Defendant returned

$660,200 to Plaintiff and withheld $133,600. Defendant alleges that the

$133,600 represents a setoff for the amount Plaintiff owes to its Hong Kong affiliate, BuyHive Limited, from a different transaction.

That transaction was governed by an August 6, 2021 product purchase agreement ("Agreement"), under which BuyHive Limited purchased N95 masks from Plaintiff. BuyHive Limited paid for the masks in advance, but Plaintiff was unable to deliver them. Defendant asserts that Plaintiff delayed in refunding the purchase price to BuyHive Limited, resulting in an interest accrual of $133,600 under the Agreement. When Plaintiff did not pay the $133,600 to BuyHive Limited, BuyHive USA withheld $133,600 from Plaintiff's refund in the COVID test kit transaction.

The Agreement between Plaintiff and BuyHive Limited contains an arbitration clause:

> [A]ny Dispute between the parties (including any non-contractual dispute, difference or claim) arisi[ng] out of or in connection with this Agreement . . . must be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre ("HKIAC") under the HKIAC Administered Arbitration Rules (the "Rules"). The Rules are incorporated by reference into this [agreement].

ECF No. 11 at Ex. 2, ¶¶ 22.2, 22.4. The Agreement defines "Dispute" as "any dispute or difference or claim between the parties (including non-contractual disputes or claims) arising out of or in connection with this Agreement, including any dispute regarding the existence, validity or

termination of this Agreement (or any of its terms)." *Id.* at S1-2. The HKIAC Rules provide that the "arbitral tribunal may rule on its own jurisdiction under these Rules, including any objections with respect to the existence, validity or scope of the arbitration agreement." ECF No. 11-2 PageID 48.

II.   Law and Analysis

Arbitration agreements are enforceable under the Federal Arbitration Act. 9 U.S.C. § 2. "Section 2 of the FAA embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts, so courts must 'rigorously enforce' arbitration agreements according to their terms." *Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021) (citations omitted). "'Whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy' are gateway arbitrability questions." *Id.* Although such questions are generally for the court to decide, the parties may delegate arbitrability questions to the arbitrator. *Id.*

To delegate the question of arbitrability to the arbitrator, "there must be 'clear and unmistakable' evidence that the parties agreed to have an arbitrator decide such issues." *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir. 2020), *cert. denied sub nom. Piersing v. Domino's Pizza Franchising LLC*, 141 S. Ct. 1268 (2021). "And when

-3-

parties have agreed to arbitrate 'arbitrability,' a court may not disregard their agreement – even if a particular argument for arbitration seems to be 'wholly groundless.'" *Id.* (citation omitted).

"Thus, 'if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator' and that delegation provision stands, 'a court may not decide the arbitrability issue.'" *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 880 (6th Cir. 2021) (citation omitted).

Here, Plaintiff does not dispute that an arbitration agreement exists between it and BuyHive Limited. Plaintiff also does not dispute the enforceability or validity of the delegation clause. *See id.* The delegation clause requires arbitration of any dispute between the parties, including any "dispute regarding the existence, validity or termination of this Agreement." This language provides "clear and unmistakable" evidence that the parties agreed to have the arbitrator decide issues of arbitrability. *See Swiger v. Rosette*, 989 F.3d 501, 506 (6th Cir. 2021) (delegating to arbitrator "any issue concerning the validity, enforceability, or scope of this . . . Agreement to Arbitrate").

Additional clear and unmistakable evidence stems from the incorporation of the HKIAC Rules into the parties' Agreement, which provide that the "arbitral tribunal may rule on its own jurisdiction under

these Rules, including any objections with respect to the existence, validity or scope of the arbitration agreement." The American Arbitration Association Rules contain similar language, which the Sixth Circuit has found to be "clear and unmistakable" evidence that the parties agreed to arbitrate "arbitrability." *Blanton*, 962 F.3d at 846 (quoting the AAA rule: "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement").

Because Plaintiff does not challenge the delegation clause, the court must enforce it and refer this case to arbitration. *Swiger*, 989 F.3d at 506. Plaintiff argues, however, that its dispute is with BuyHive USA (a nonsignatory to the Agreement) not BuyHive Limited, that BuyHive USA may not enforce the Agreement against it, and that this dispute is not within the scope of the Agreement, as it involves a separate transaction. All of Plaintiff's arguments concern the enforceability and scope of the agreement to arbitrate, which must be referred to the arbitrator under the delegation clause. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (noting that "gateway" questions of "arbitrability" include whether the parties' "agreement covers a particular controversy").

The Sixth Circuit has held that a nonsignatory's "ability to invoke the arbitration agreement constitutes an issue of enforceability that 'must be considered by an arbitrator in the presence of a delegation provision.'" *Swiger*, 989 F.3d at 507. The court acknowledged the "logical conundrum" presented by this question, because "[e]ven with a delegation clause, courts must determine whether a contract exists at all, and [i]f the nonsignatories are not parties to the contract, then the Plaintiff has no agreement with them. But [w]hether a nonsignatory can enforce the arbitration agreement is a question of the enforceability of the arbitration clause, as to that defendant." *Id.* (cleaned up and citation omitted). Accordingly, BuyHive USA's ability to enforce the arbitration agreement – even as a nonsignatory – concerns a question of arbitrability that is for the arbitrator under the agreement's delegation clause. *Id.; see also Blanton*, 962 F.3d at 848.

III.   Conclusion

As the Sixth Circuit has emphasized, the issue before the court is "quite narrow." *Blanton*, 962 F.3d at 852. "It's not about the *merits* of the case. It's not even about *whether* the parties have to arbitrate the merits. Instead, it's about *who should decide* whether the parties have to arbitrate

the merits." *Id.* (emphasis in original). In this case, the delegation clause requires that the arbitrator decide the question of arbitrability.

Although Defendant requests that the case be dismissed, its alternative request for a stay pending arbitration is the preferred approach. *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941-42 (6th Cir. 2021) ("Because a dismissal, unlike a stay, permits an objecting party to file an immediate appeal, a district court dismissal order undercuts the pro-arbitration appellate-review provisions of the Act.")

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to compel arbitration (ECF No. 11) is GRANTED and that this case is STAYED pending arbitration and ADMINISTRATIVELY CLOSED.

Dated:  August 24, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 24, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---